NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCIO SILVA-GALDINO; TAYNARA LOPES-MARTINS RIBEIRO,<br><br>Petitioners,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   14-74044<br><br>Agency Nos.   A088-450-333<br>A088-350-930<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 02, 2020[**]

Before: SCHROEDER, TROTT, and SILVERMAN, Circuit Judges.

Marcio Silva-Galdino,[1] a native and citizen of Brazil, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]    Marcio Silva-Galdino is the lead petitioner. His step-daughter, Taynara Lopes-Martins Ribeiro, is a derivative claimant on Silva-Galdino's application. No independent evidence was presented on her behalf, and her claims are entirely

immigration judge's decision denying his application for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's conclusion that Silva-Galdino failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). Accordingly, Silva-Galdino's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because Silva-Galdino failed to show he would more likely than not be tortured by or with the consent or acquiescence of the government if returned to Brazil.[2] *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**

---

dependent on Silva-Galdino's. Thus, our holdings on Silva-Galdino's application apply equally to both petitioners.

[2] The record does not support Silva-Galdino's argument on appeal that the agency applied an "erroneous legal standard" to the CAT claim by using the phrase "clear probability of future torture." *Zhang v. Ashcroft*, 388 F.3d 713, 721-22 (9th Cir. 2004) ("We cannot say on this record that the evidence compels us to find that [the alien] meets the clear probability standard.")